UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| HARRIS INVESTMENT HOLDINGS, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 1:23CV851 |
| v. | ) |  |
|  | ) |  |
| BFJ of USA, LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

ORDER

This matter is before the Court on a Motion by Plaintiff to Compel Entry on Land for Inspection, and for expedited consideration. In the Motion, Plaintiff seeks leave to drill two twenty-foot water-sampling wells on Defendants' property, which is currently operating as a Sunoco Gas Station. Plaintiff contends that the water samples are necessary to allow further analysis by its expert. Defendants oppose the request, noting that Plaintiff failed to make the request during the discovery period and prior to expert discovery, and now seeks to drill wells on only a few days' notice, during the holidays, after expert reports have been provided and expert discovery has concluded. Defendants contend that allowing this type of significant, invasive discovery is unduly burdensome, particularly on such short notice, and is disproportionate to the needs of the case given that expert discovery is already closed.

In considering this request, the Court notes first that discovery in this case began in March 5, 2024 and continued for 10 months, until December 31, 2024. Plaintiff's expert reports were due August 15, 2024, Defendants' expert reports were due September 27, 2024, and rebuttal reports were due October 11, 2024. On December 4, 2024, after the deadlines

for expert reports and disclosures had passed and less than 30 days before the close of the discovery period, Plaintiff filed a Motion to Extend Discovery Period, seeking to extend the discovery period to take additional sampling from Defendants' property and supplement its expert's opinions and report. Plaintiff noted its intent to "mobilize sampling" and further noted "needing into January for the laboratory analysis and report to be completed." Notably, on December 6, 2024, the Court denied that request, finding that "the deadlines for expert reports and disclosures have already passed, and there has been no showing why the additional discovery could not have been timely completed during the discovery period."

Despite this denial, Plaintiff thereafter filed the present Motion to Compel on December 13, 2024, seeking to compel entry upon Defendants' land six days later, on December 19 and 20, 2024, to install two wells and to collect groundwater samples from each well. In support of the request, Plaintiff argues that Rule 34 permits access to Defendants' property to take soil or water samples necessary to evaluate the extent of the pollution that forms the basis for the claims here, although Plaintiff concedes that the request is governed by the standards for discovery set out in Rule 26(b).

In response, Defendants oppose the request, noting that allowing access to their property to drill twenty-foot wells through a concrete parking lot over the course of 2 or more days is a significant intrusion that would interfere with the ongoing business on the property, and that such a demand on less than 10-days' notice is unworkable and unduly burdensome. Defendants note that the ongoing business on the property is a gas station and convenience store operated by a third party, and such a request would require advance planning and coordination with the business owner to preclude unreasonable burden on the third party's

business. Further, Defendants note that the drilling is unlikely to lead to admissible evidence, as any sampling would require further testing and reports outside the discovery period and after the expert report deadlines, contrary to the Court's Order denying an extension of the discovery period.

In considering the request, the Court notes again, as it did in the Order on December 6, 2024, that the deadlines for expert reports and disclosures have already passed, and there has been no showing why the additional discovery could not have been timely completed during the discovery period prior to the expert deadlines. Further, Plaintiff's request involves a significant intrusion onto a business property, to drill wells and conduct sampling over a two-day period. Such a request would require advance planning and coordination, and could have reasonably been raised and considered months ago. However, Plaintiff failed to make the request during the five months of discovery prior to the August 15, 2024 expert report deadline. Even after Defendants' expert reports and disclosures were provided in September 2024, Plaintiff did not make such a request for drilling and sampling prior to the rebuttal report deadline in October 2024. Plaintiff instead made the request on only a few days' notice and then filed the present Motion to Compel, even after the Court denied Plaintiff's requested extension of discovery deadlines. In the circumstances, the requested access to conduct drilling and sampling is unduly burdensome given the degree of intrusion and late notice precluding sufficient planning and coordination. In addition, the discovery is specifically sought to supplement expert reports and opinions, but the expert deadlines have already passed, and the Court denied the request to extend those deadlines to allow supplementation because Plaintiff failed to show why this discovery could not have been sought and included

earlier by the applicable deadlines. Plaintiff has still failed to make such a showing. If drilling and sampling were necessary or appropriate to evaluate the source and migration pathways of contamination, as Plaintiff now contends, Plaintiff should have made this request early in the discovery period so that this request could be considered by the Court and any such sampling could be undertaken with sufficient planning and coordination in advance of the expert report deadlines. At this point, the request is unduly burdensome, and any proposed amendment to the expert reports and disclosures would be untimely. Therefore, the Motion to Compel will be denied.

The Court also notes that the Parties have filed a Stipulation, which the Court will treat as a Motion, noting that a deposition scheduled for December 30, 2024, needs to be rescheduled for January 7, 2025, after the close of discovery, based on a medical need of the witness. The Court will allow the request to conduct the deposition of non-party witness Len Walker outside of the discovery period, on January 7, 2025, by agreement of the Parties. All other discovery is now closed. The January 14, 2025 deadline for filing dispositive motions remains unchanged.

IT IS THEREFORE ORDERED that the Motion to Compel [Doc. #49] is DENIED.

IT IS FURTHER ORDERED that the Motion in the Stipulation [Doc. #54] is GRANTED to the extent that the Parties may conduct the deposition of non-party witness Len Walker outside of the discovery period, on January 7, 2025. The deadline for filing dispositive motions is still January 14, 2025, with responses due February 14, 2025, and replies due February 28, 2025.

This, the 2nd day of January, 2025.

*/s/ Joi Elizabeth Peake*
Joi Elizabeth Peake
United States Magistrate Judge